IN THE COUNTY COURT OF THE TWENTIETH JUDICIAL CIRCUIT IN
AND FOR LEE COUNTY FLORIDA

| | |
|---|---|
| 407 RESTORATION INC A/A/O JORGE MONTEQUIN AND MARISOL MONTEQUIN<br><br>Plaintiff,<br><br>vs.<br><br>ALLSTATE INSURANCE COMPANY<br><br>Defendant. | Case No. |

# COMPLAINT

Plaintiff, 407 Restoration INC a/a/o JORGE MONTEQUIN AND MARISOL MONTEQUIN, by and through undersigned counsel, hereby files this Complaint against Defendant, ALLSTATE INSURANCE COMPANY, and in support thereof, would allege:

## JURISDICTION AND VENUE

1. This is an action for monetary damages in the amount of $ 20,493.97 exclusive of prejudgment interest, costs, and attorneys' fees.

2. Venue is proper in LEE COUNTY, Florida pursuant to Florida Statute 47.011, because the cause of action upon which these allegations are based accrued in LEE COUNTY, Florida, and the property at issue is located in LEE COUNTY, Florida.

## PARTIES

3. Plaintiff, 407 Restoration INC, is a Florida Limited Liability Company.

4. Defendant, ALLSTATE INSURANCE COMPANY, is an entity doing business in the State of Florida and specifically, LEE COUNTY, Florida.

PDC22-146919

5.      Defendant, ALLSTATE INSURANCE COMPANY, is an authorized insurance carrier by the State of Florida to engage in the business of insurance with Florida citizens, and is duly authorized to, and does in fact, issue, or otherwise causes to be issued, policies of insurance inLEE COUNTY, Florida, and throughout the State of Florida.

## COUNT I - BREACH OF CONTRACT

6.      This is a cause of action for damages by Plaintiff, 407 Restoration INC as an assignee of the Insured,JORGE MONTEQUIN AND MARISOL MONTEQUIN (hereinafter referred to as "Assignor"), against Defendant, ALLSTATE INSURANCE COMPANY, for breach of contract.

7.      Assignor purchased a homeowner's policy of insurance from Defendant, which insured property owned by the Insured located at 1026 S Town and River Dr Fort Myers FL Florida 33919 (the "Property").

8.      In consideration for the payment of a premium, Defendant issued an insurance policy inuring to the benefit of JORGE MONTEQUIN AND MARISOL MONTEQUIN ("the Policy").

9.      The Plaintiff does not have a copy of the foregoing insurance policy and/or the same is in the possession of the Defendant and will be obtained via discovery.

10.     The foregoing insurance policy was in full force and effect at all material times hereto and during the subject date of loss.

11.     At all times material hereto, the Policy, among other things, provided insurance coverage for direct physical losses to the property.

12.     During the policy period, the Assignor's insured property suffered a loss resulting from a peril that is covered under the Policy; and timely reported the damage to Defendant. Plaintiff suspects that the loss occurred around September 28, 2022.

13. Following the loss, a written assignment of benefits was properly executed by the fully authorized parties as a memorialization of the assignment agreement in exchange for services to the Insured directly relating to the loss.

14. Plaintiff provided Defendant a copy of the executed assignment agreement which included the statutory notice and itemized per-unit cost estimate as required by Fla. Stat. §627.7152 and has otherwise complied with all of the provisions contained within Fla. Stat. §627.7152.

15. In response to Assignor's reported claim, Defendant acknowledged the loss and assigned an adjuster and the claim number 0687137042 for same.

16. Thereafter, Defendant conducted and completed an investigation of the loss.

17. Defendant has breached the Policy by denying coverage for the loss and/or failing or refusing to pay all benefits due and owing which Plaintiff is entitled to under the Policy and assignment of benefits.

18. All conditions precedent and post-loss obligations to obtaining payment of said benefits under the Policy have been complied with, met, or waived.

19. Any conditions precedent and post-loss obligations not met or complied with, have not caused any prejudice to the Defendant.

20. Plaintiff is seeking an extension and/or modification of existing law.

21. Plaintiff has suffered damages as a result of not having all of the benefits paid owed to the Plaintiff pursuant to the insurance Policy by Defendant.

22. As a direct and proximate result of the conduct of Defendant, Plaintiff has been obligated to retain the undersigned attorney to bring this action and is entitled to a reasonable attorney's fee pursuant to applicable Florida law.

PDC22-146919

**WHEREFORE**, Plaintiff, 407 Restoration INC, demands a judgment against Defendant, ALLSTATE INSURANCE COMPANY, for damages, attorney's fees, prejudgment interest, costs, and all other relief deemed just and proper by this Court, and **RESPECTFULLY REQUESTS A JURY TRIAL.**

Insurance Trial Lawyers

Town Center One, Suite 2267

8950 SW 74th Ct, Miami, FL 33156-3171

Tel. (305) 906-4262

Robert F. Gonzalez, Esq.

**Fla. Bar No.** 68865

Pleadings@itl.legal

PDC22-146919